IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02494-BNB

JOE M. TONEY, JR.,

    Applicant,

v.

BLAKE R. DAVIS, Warden,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN -6 2011

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

Applicant, Joe M. Toney, Jr., is a prisoner in the custody of the United States Bureau of Prisons (BOP) who currently is incarcerated at the United States Penitentiary, Administrative Maximum (ADX) in Florence, Colorado. Mr. Toney initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on October 4, 2010. He has paid the $5.00 filing fee for a habeas corpus action.

On November 2, 2010, Magistrate Judge Boyd N. Boland ordered Respondent to file a preliminary response to the habeas corpus application and address the affirmative defense of exhaustion of administrative remedies. On November 23, 2010, Respondent filed a preliminary response. Mr. Toney filed a reply on December 10, 2010.

The Court must construe Mr. Toney's filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied and the action will be dismissed.

Mr. Toney asserts one claim in the application. In general, he asserts his constitutional rights were violated when he received a disciplinary conviction for possession of a razor blade. Mr. Toney alleges that the razor blade was not actually his and that it was placed in his personal property by a prison official. Due to his conviction, Mr. Toney was sanctioned to 30 days of disciplinary segregation and lost 31 days of good conduct time. As relief, Mr. Toney seeks restoration of his good conduct time.

Respondent argues that Mr. Toney has failed to exhaust BOP administrative remedies before seeking federal court intervention. Respondent contends that Mr. Toney filed an appeal of his conviction to the regional office, but that he has failed to file an appeal to the central office. Prelim. Resp. at 4. The record confirms, and Mr. Toney concedes, that he has not exhausted BOP administrative remedies prior to initiating the instant lawsuit. Prelim. Resp. at Ex. A-1, Attach. 1; Reply at 3.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241. See *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986); see also *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied only through proper use of the available administrative procedures. See *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules because no adjudicative system can function properly without imposing some orderly structure on the course of its proceedings." *Id.* at 90-91.

The BOP administrative remedy program is available to federal prisoners such as Mr. Toney. *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy program allows "an inmate to seek formal review of an issue which relates to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals. *See* 28 C.F.R. § 542.14 - 542.15.

Mr. Toney alleges in the application that he has exhausted administrative remedies. Application at 3-4. However, in his reply, Mr. Toney acknowledges that he filed his appeal to the central office on November 19, 2010, and that he has not received a response. Reply at 3. Accordingly, Mr. Toney concedes that he has not fully exhausted BOP administrative remedies prior to initiating the instant lawsuit because he has not yet completed all three formal steps of the administrative remedy process. Therefore, the Court finds that Mr. Toney has failed to exhaust administrative remedies.

The application will be denied and the action dismissed for failure to exhaust the BOP's three-step administrative remedy procedure prior to initiating the instant lawsuit. Accordingly, it is

ORDERED that the application is denied and the action dismissed without prejudice for failure to exhaust the Bureau of Prisons' three-step, administrative-remedy procedure before seeking federal court intervention.

DATED at Denver, Colorado, this 5th day of January, 2011.

BY THE COURT:

*Zita Leeson Weinshienk*
_____
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02494-BNB

Joe M. Toney, Jr.
Reg. No. 26828-034
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on January 6, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk